IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONEY BRUZELLAS WILLIAMS,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 05-0053-WS-C

DEMARIO JAMES, et al.,   :

    Defendants.   :

REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute.

A review of the Court file reflects that on April 26, 2005, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2). The Order was mailed to Plaintiff at the Mobile County Metro Jail ("Metro") and was returned to the Court with the notation "Attempted Not Known - Return to Sender." Thereupon, the Court contacted Metro and discovered that Plaintiff was not an inmate at Metro.

The Court, therefore, concludes that Plaintiff has abandoned the prosecution of this action for failure to advise the Court of any changes in his address. Upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished)</u>; <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983).  <u>Accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U. S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    DONE this 1st day of June, 2005.

                               s/WILLIAM E. CASSADY
                              UNITED STATES MAGISTRATE JUDGE